# SUPERIOR COURT.

## COBB agt. LACKEY & BRANDON.

*Ex parte* orders may be granted by any judge of the court, wherever he may be found, within the territorial limits in which he is authorized to do official acts.

Motions upon notice, or orders to show cause, can be moved in *vacation* in the absence of the adverse party, only before the justice who sits at chambers, on the day for which the notice is given, or the order to show cause is returnable. Defaults for not making such motions can be moved before such justice only. Chambers, during *vacation*, is regularly held in the *general term room*.

During *term time*, motions on notice, and orders to show cause, in the absence of the opposing attorney or counsel, can be moved only, before the justice who holds the *special term*. Motions to discharge such notices, or orders to show cause, on account of the default of the party serving them to bring them on, can be made before such justice only.

When the attorneys or counsel of both parties attend, they may be heard before any judge of the court who is disengaged.

But there is but one place where defaults can be taken, on the failure of the attorney, serving a notice or order to show cause, to bring on his motion, or on the failure of the attorney, on whom it is served, to appear and oppose.

*At Chambers, September 22, 1855.*

THIS action was commenced by the service of a summons, which stated that a complaint would be filed, and where. The defendants appeared separately, by different attorneys, who gave notice of retainer, but did not, within twenty days after service of the summons, demand, in writing, a copy of the complaint.

After the twenty days, they demanded a copy of the complaint, and none having been served, they severally obtained an order requiring the plaintiff to show cause on the 13th instant, why the action should not be dismissed, on account of the plaintiff's omission to serve a copy of the complaint on the defendant's attorney. The 13th was in vacation, and Mr. Justice BOSWORTH then sat at chambers, in the general term room.

The plaintiff's counsel attended to show cause, and after

Cobb agt. Lackey & Brandon.

waiting until twenty minutes past ten, moved Justice Bosworth to dismiss the orders, which he declined doing then, as defendants' attorneys might soon appear.

About half-past ten, there being a large number in attendance, Justice Bosworth remarked that Justice Hoffman was in the judge's library, and would hear any motions that counsel chose to argue before him.

Mr. Lossing, a clerk in the office of the defendants' attorneys, who was present with their papers, understanding that this remark was a permission to move for defaults, as well as to move motions where the counsel of both parties were present, went before Justice Hoffman, and had orders dismissing the complaint granted by default.

Before granting the orders, Judge Hoffman directed the cause to be called by its title in the room in which Judge Bosworth was sitting, which was done, but was not heard by plaintiff's counsel, who was there waiting the appearance of defendants' attorneys, and understanding that that was the only room in which defaults could be taken—and who did not know, or did not recognize Mr. Lossing.

About ten minutes before eleven, the plaintiff's counsel again applied to Judge Bosworth to dismiss the two orders to show cause, by reason of the default of defendants' attorneys to appear and bring on the motions. The judge told the counsel to draw the orders, and he would sign a direction to the clerk to enter them.

While the orders were being drawn, Judge Bosworth went to another room to hear a concluding argument on a litigated motion commenced on the previous day, and adjourned to the 13th at 11 A. M. On his leaving, Chief Justice Oakley took his place at chambers; and when plaintiff's counsel had drawn his orders, the chief justice signed a direction to the clerk of the court, to enter them.

The plaintiff now moves to set aside the two orders granted by Justice Hoffman, for irregularity. There was some conflict in the affidavits upon the point, whether the orders granted by

Judge HOFFMAN were, in fact, granted on the 13th of September.

HORATIO P. ALLEN, *for plaintiff.*
CHARLES W. SANDFORD, *for defendants.*

BOSWORTH, Justice.   The plaintiff moves to discharge two orders for *irregularity.*   I have no doubt that the orders granted by Justice HOFFMAN on defendants' motion, and the two granted by Chief Justice OAKLEY, on plaintiff's motion, were granted on the 13th of September.   There is no doubt that it was regular for the plaintiff to apply to the chief justice, and that it was not his duty to have gone into the room where Justice HOFFMAN was sitting, to avoid the possibility of being defaulted there.   It is quite probable, if the case had been called publicly when plaintiff's counsel applied to Justice Bosworth for the orders subsequently granted by Chief Justice OAKLEY, that all difficulty would have been obviated.

I have no doubt that Mr. Lossing supposed that those applying for orders on default of the opposite party to appear, might as properly go before Justice HOFFMAN, as attorneys whose adversaries were present and accompanied them.   Justice HOFFMAN, I presume, would not have granted the orders which he did grant, had he not understood that the motions had been publicly called in the general term room, and that the justice sitting there, on account of being fully occupied, desired that he should see that the order to be entered was one justified by the notice of it, and that there was proper evidence of due service of it.

In vacation, the only justice before whom orders by default can be properly taken, is the one sitting in chambers for the purpose of hearing motions.

In term time, such defaults can only be granted by the justice holding the special term in the room which he occupies for such business.

When counsel of both parties attend, they, as well as counsel applying for *ex parte* orders, may go before any justice who may be in attendance at any of the rooms of the court.

I think the two orders granted by Justice HOFFMAN should be vacated, but without costs, and on condition that plaintiff stipulate to vacate the orders granted by Chief Justice OAKLEY, and attend upon the orders to show cause which were returnable on the 13th instant, to the end that a hearing may be had thereon on such day as the counsel may name, or if they do not agree in relation thereto, as the court may designate.